UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAMON M. ALFONSO,

    Plaintiff,

v.

MICHAEL TRAVIS, et al.,

    Defendants.

24-CV-6324-CJS
ORDER

---

*Pro se* Plaintiff, Ramon M. Alfonso, a prisoner at Elmira Correctional Facility ("Elmira"), filed this action under 42 U.S.C. § 1983 alleging that at Elmira in 2021, he was subjected to the use of excessive force, denied medical care and access to courts, and falsely charged with prison disciplinary violations.  Docket Item 1; Docket Item 7.  The Court granted Plaintiff permission to proceed *in forma pauperis* and screened his Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  Docket Item 7 ("initial screening order").

The Court dismissed several claims with prejudice, dismissed several claims but with leave to amend, and found that several claims could proceed as pleaded.  Docket Item 7 at 28-29.  Plaintiff was granted 45 days to file an amended complaint and advised that if he did not timely file an amended complaint, the claims that were dismissed with leave to amend would be dismissed with prejudice without further order of the Court and the remaining claims would be served.  *Id.*  Defendant did not file an amended pleading, and the case has proceeded with the claims that survived the Court's screening.

Defendants subsequently filed a motion for summary judgment (ECF No. 15) in lieu of an answer, which is fully briefed and awaiting a decision.

On July 31, 2026, the Court received a letter from Plaintiff, ECF No. 22, alleging that he is experiencing "retaliation" at Elmira "by officials." The two-page handwritten letter asserts that on December 29, 2025, Plaintiff was attacked by two inmates who fractured his nose, and that he later learned from other unidentified inmates that unspecified "officers got [him] jumped." He further states that "a gang" of other inmates later "extorted" $45 from him, which he blames on unidentified "officers" having "label[ed] [him] a snitch." He requests "a temporary order of protection" "to be away from [his] assailants." He notes that DOCCS previously placed him in involuntary protective custody to protect him from attacks by other inmates, but gives no indication that he has brought the current situation to the attention of officials at Elmira.

The Court liberally construes Plaintiff's letter as a motion for preliminary injunctive relief and, for the following reasons, denies the request.

## DISCUSSION

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either (a) a likelihood of success on the merits [of the underlying action] or (b) sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party; and (3) that a preliminary injunction is in the public interest." *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 650 (2d Cir. 2015) (internal quotation marks omitted). Additionally, "[i]n the

2

prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)).

"Establishing irreparable harm is 'the single most important prerequisite' for a preliminary injunction. It is established only when the movant shows the harm is 'actual and imminent' and neither 'remote [n]or speculative' nor a harm that can be remedied with monetary damages or later in the litigation." *Jumale v. Barr*, No. 19-CV-1229-FPG, 2019 WL 5540794, at *2 (W.D.N.Y. Oct. 28, 2019) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)); *cf. Toliver v. Colvin*, No. 12-CV-00227A(F), 2014 WL 1660609, at *7 (W.D.N.Y. Mar. 27, 2014) (commenting that "an inmate who believes he is under a substantial risk of serious injury based on prison officials' disregard of threats of harm need not await for the threatened 'tragic event' such as an actual assault before obtaining relief, but may seek injunctive relief based on the claim that defendant corrections officials are knowingly and unreasonably disregarding an objectively intolerable risk of harm and will continue to do so absent a court order directing otherwise" (quoting *Farmer*, 511 U.S. at 845, and citing *Helling v. McKinney*, 509 U.S. 25, 33 (1993)), *adopting report and recommendation.*

A "party seeking preliminary injunctive relief has a heavy burden," *Dorsett v. County of Nassau*, 762 F. Supp. 2d 500, 534 (E.D.N.Y. 2011) (internal quotation marks omitted), and, importantly, must offer more than unverified allegations, *see Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[A]llegations, without more, are insufficient for the issuance of a preliminary injunction."). In short, "bare allegations,

3

without more, are insufficient for the issuance of a preliminary injunction." *Kadant, Inc. v. Seeley Mach., Inc.*, 244 F. Supp. 2d 19, 40 (N.D.N.Y. 2003) (internal quotation marks omitted); *see, e.g., Scarbrough v. Evans*, No. 9:09-CV-850 (NAM)(DEP), 2010 WL 1608950, at *3 (N.D.N.Y. Apr. 20, 2010) (denying preliminary injunction when "Plaintiff [had] submitted only his own affidavits containing his request for injunctive relief").

Additionally, the request for preliminary injunctive relief must be related to the underlying lawsuit. *See, e.g., D'Attore v. Cucharella*, No. 9:12-CV-0009 LEK/RFT, 2014 WL 4199237, at *1 (N.D.N.Y. Aug. 22, 2014) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. A preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action.") (citations and internal quotation marks omitted); *see also, Bradshaw v. Annucci*, No. 9:23-CV-0602 (MAD/ML), 2024 WL 1765524, at *7 (N.D.N.Y. Apr. 24, 2024) ("[N]one of the officials involved in this alleged wrongdoing are parties to this action, and plaintiff's underlying claims in this case bear no relationship to the alleged isolated incidents of harm involving these officials. Thus, this alleged wrongdoing cannot provide a basis for a preliminary injunction in this lawsuit.") (citation omitted).

Plaintiff clearly has failed to properly support his request for a preliminary injunction since, for example, he simply submits an unsworn letter to the Court baldly asserting that other inmates are bothering him at the behest of unnamed corrections officers, without offering any facts to plausibly connect such incidents to this lawsuit.

4

## CONCLUSION

Plaintiff's motion for a preliminary injunction (ECF No. 22) is denied.

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge


DATED: _AUG. 4,_____, 2026
            Rochester, NY